UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NATIONAL GREEN GAS L.L.C., <br> A Minnesota limited liability company <br><br> Plaintiff, <br><br> v. <br><br> ESTRATEGY, INC., a corporation, <br> BRIAN L. SEXTON and JAMILA <br> ALDASHEVA, individuals d/b/a ONE SALUTE, <br><br> Defendants. | Case No.: 4:18-cv-00285-BCW |

## ANSWER OF DEFENDANT ESTRATEGY, INC.

Defendant Estrategy, Inc. ("Estrategy") makes the following answer to Plaintiff's complaint.

1. Defendant admits that Estrategy is a Delaware Corporation in good standing but denies the remixing allegations of Paragraph 1 which are not expressly admitted herein.

2. Defendant denies the allegations of Paragraph 2.

3. Defendant denies the allegations of Paragraph 3.

4. Defendant lacks sufficient information to admit the allegations of Paragraph 4 and therefore Defendant denies the allegations of Paragraph 4.

5. Defendant admits that Estrategy is a Delaware Corporation in good standing but denies the remixing allegations of Paragraph 5 which are not expressly admitted herein.

6. Defendant denies the allegations of Paragraph 6.

7. Defendant denies the allegations of Paragraph 7.

8. Defendant denies the allegations of Paragraph 8.

9. Defendant denies the allegations of Paragraph 9.

1

10. Defendant admits that Plaintiff sued Defendant but denies the remaining allegations of Paragraph 10.

11. Defendant admits that Plaintiff received a default judgment but denies the remaining allegations of Paragraph 11.

12. Defendant admits that in the past it had bank accounts but denies the remaining allegations of Paragraph 12.

13. Defendant is without sufficient information to admit the allegations of Paragraph 13 and therefore Defendant denies the allegations of Paragraph 13.

14. Defendant is without sufficient information to admit the allegations of Paragraph 13 and therefore Defendant denies the allegations of Paragraph 14.

15. Defendant is without sufficient information to admit the allegations of Paragraph 13 and therefore Defendant denies the allegations of Paragraph 15.

16. Defendant is without sufficient information to admit the allegations of Paragraph 13 and therefore Defendant denies the allegations of Paragraph 16.

17. Defendant denies the allegations of Paragraph 17.

18. For its answer to the allegations of Paragraph 18, Defendant restates and incorporates by reference its answers to Paragraphs 1-17.

19. Defendant is without sufficient information to admit the allegations of Paragraph 13 and therefore Defendant denies the allegations of Paragraph 19.

20. Defendant denies the allegations of Paragraph 20.

21. Defendant denies the allegations of Paragraph 21.

22. Defendant is without sufficient information to admit the allegations of Paragraph 13 and therefore Defendant denies the allegations of Paragraph 22.

23. Defendant is without sufficient information to admit the allegations of Paragraph 13 and therefore Defendant denies the allegations of Paragraph 23.

24. Defendant is without sufficient information to admit the allegations of Paragraph 13 and therefore Defendant denies the allegations of Paragraph 24.

25. Defendant admits that Plaintiff received a default judgment but denies the remaining allegations of Paragraph 25 and Defendant specifically states that the default judgment is invalid and was received without personal jurisdiction.

26. Defendant denies the allegations of Paragraph 26.

27. Defendant denies the allegations of Paragraph 27.

28. Defendant denies the allegations of Paragraph 28.

29. Defendant denies the allegations of Paragraph 29.

30. Defendant denies the allegations of Paragraph 30.

31. Defendant denies the allegations of Paragraph 31.

32. Defendant denies the allegations of Paragraph 32.

33. Defendant denies the allegations of Paragraph 33 as they consist of legal conclusions and arguments.

34. Defendant denies the allegations of Paragraph 34 as they consist of legal conclusions and arguments.

35. Defendant denies the allegations of Paragraph 35 as they consist of legal conclusions and arguments.

36. Defendant denies the allegations of Paragraph 36.

37. Defendant denies the allegations of Paragraph 37.

38. Defendant denies the allegations of Paragraph 38.

39. Defendant denies the allegations of Paragraph 39.

40. Defendant denies the allegations of Paragraph 40.

41. Defendant denies the allegations of Paragraph 41.

42. For its answer to the allegations of Paragraph 42, Defendant restates and incorporates by reference its answers to Paragraphs 1-41.

43. Defendant denies the allegations of Paragraph 43.

44. Defendant denies the allegations of Paragraph 44 as they consist of legal conclusions and arguments.

45. Defendant denies the allegations of Paragraph 45.

46. Defendant denies the allegations of Paragraph 46.

47. Defendant denies the allegations of Paragraph 47.

48. Defendant denies the allegations of Paragraph 48.

49. Defendant denies the allegations of Paragraph 49.

50. Defendant denies the allegations of Paragraph 50.

51. Defendant denies the allegations of Paragraph 51.

52. Defendant denies the allegations of Paragraph 52.

53. Defendant denies the allegations of Paragraph 53.

54. For its answer to the allegations of Paragraph 54, Defendant restates and incorporates by reference its answers to Paragraphs 1-53.

55. Defendant denies the allegations of Paragraph 55 as they consist of legal conclusions and arguments.

56. Defendant denies all allegations of this Complaint which are not expressly admitted herein.

**DEFENSES**

57. Further answering the allegations of the Complaint, Defendant states that to the belief of Defendant in that at all times Defendant and its officer were exercising their best business judgment and cannot be held liable for their acts, actions or omissions pursuant to the Business Judgment Rule.

57. Further answering the allegations of the Complaint, Defendant states that the claims in the Complaint are barred or reduced by payments Plaintiff has received on the judgment through judicial process and otherwise and by the doctrines of setoff and/or recoupment.

58. As a separate an affirmative defense to the Complaint, and to each purported cause of action thereof, Defendant submits that the purported claims and causes of action of Plaintiff are barred, in whole or in part, because Defendant and its officer received reasonably equivalent value in exchange for the alleged transfers in the Complaint. Accordingly, the alleged transfers described in the Complaint are neither avoidable nor recoverable and the Complaint and the causes of action asserted therein should be dismissed.

59. Defendant pleads as a defense that the judgment referenced in the Complaint is void as it was achieved in violation of the Due Process of Law clause in the Fourteenth Amendment to the United States Constitution.

60. Defendant pleads as a defense that the judgment referenced in the Complaint is void as it was achieved in violation of the Due Process of Law clause in the Fourteenth Amendment without personal jurisdiction in the court which purported to render it.

61. As a separate an affirmative defense to the Complaint, and to each purported cause of action thereof, Defendant, without admitting that the Complaint states a claim, submits

that Plaintiff's alleged remedies are limited to the extent Plaintiff seeks overlapping and duplicative recovery based on various claims against Defendant for any alleged single wrong.

62. As a separate an affirmative defense to the Complaint, and to each purported cause of action thereof, Defendant submits that the Complaint, and each purported cause of action thereof, is barred by the doctrine of waiver.

63. As a separate an affirmative defense to the Complaint, and to each purported cause of action thereof, Defendant submits that the Complaint, and each purported cause of action thereof, is barred by the doctrine of estoppel.

64. As a separate an affirmative defense to the Complaint, and to each purported cause of action thereof, Defendant submits that the Complaint, and each purported cause of action thereof, is barred by the doctrine of laches.

65. Without admitting the trust of any allegation, and pleading in the alternative, Defendant made all alleged payments both in good faith and for a reasonably equivalent value.

66. To the extent that plaintiff seeks equitable relief, debtor's inequitable conduct constitutes unclean hands and therefore bars the granting of relief to plaintiff herein.

67. Plaintiff has an adequate remedy at law for the wrongs alleged.

65. Defendant reserves the right to assert additional defenses, including affirmative defenses, based upon further investigation and/or discovery. Defendant also reserves the right to amend or supplement this Answer based on further formal or informal discovery and/or in response to any amendments or supplements to the Complaint made by Plaintiff, and for any such amendments or supplements to the Answer to relate back to the filing of the original Answer.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief and judgment as follows:

1. that the Court deny Plaintiff's prayer for relief in its entirety and that the Court enter judgment in Defendant's favor;

2. that the Court award Defendant its costs and expenses incurred in this action and attorneys' fees as permitted by law, plus interest; and

3. that the Court award Defendant such other and further relief that it deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Defendant demands that all issues and claims in this case be tried to jury.

**SCHULTZ & ASSOCIATES LLP**

By: /s/ ROBERT SCHULTZ
Ronald J. Eisenberg #48674
Robert Schultz #35329
640 Cepi Drive, Suite A
Chesterfield, MO 63005-1221
(636) 537-4645
Fax: (636) 537-2599
reisenberg@sl-lawyers.com
rschultz@sl-lawyers.com

*Attorneys for Defendant Estrategy, Inc*

## CERTIFICATE OF SERVICE

I certify that on May 7, 2018, the foregoing was filed electronically with the Court's electronic filing system upon all registered counsel of record.

/s/ Robert Schultz